HELEN M. CUTTING, Administratrix *vs.* WILLIAM A. TOWER
& others.

An action for deceit in the sale of poisoned grain, whereby the purchaser's horses are killed,
does not survive to his administrator under the Rev. Sts. *c.* 93, § 7, and *St.* 1842, *c.* 89.

ACTION OF TORT for fraud and deceit in selling to the plaintiff's intestate eight bushels of damaged and poisoned corn meal, which caused the death of the intestate's horses when given to them as food.

At the trial in the superior court of Suffolk at March term 1858, the defendants objected that this action did not by law survive to the plaintiff. *Huntington*, J. overruled the objection, the jury returned a verdict for the plaintiff, and the defendants alleged exceptions.

*J. G. Abbott & F. A. Brooks*, for the defendants.

*M. G. Cobb*, for the plaintiff.

BIGELOW, J.    This case falls within the general rule that actions of tort do not survive.    The exception created by the Rev. Sts. *c.* 93, § 7, that actions for damage done to real or personal estate shall survive, was intended to include only those cases where injury is occasioned to property by the direct wrongful act of a party, and not where it results incidentally or collaterally therefrom or from the doing of some other act or the happening of some subsequent event over which the wrongdoer has no control.    The gist of the action in the present case is the fraud and deceit practised by the defendants on the plaintiff's intestate in the sale of merchandise.    For this an action to recover damages would have laid in his favor whether the meal which he purchased had ever been used or not.    It was not therefore the fraudulent representation of the defendants, which operated directly to the injury of any personal property.    It was the use to which the meal was put, that caused the damage for which the plaintiff now seeks to recover.    But that was not the act of the defendants.    It was only a pecuniary loss resulting

incidentally from the sale of the meal. Suppose the meal, instead of being used by the plaintiff's intestate to feed his horses, had been made into bread for his family, and caused great sickness and suffering and loss of time to him and others. It would hardly be said that an action in such case would survive under *St.* 1842, *c.* 89, for damage to the person. The provisions of the statutes allowing actions of tort to survive have been strictly construed, so as not to extend the exceptions beyond the clear intent of the legislature. *Read* v. *Hatch*, 19 Pick. 47. *Nettleton* v. *Dinehart*, 5 Cush. 543.

*Exceptions sustained.*